UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-28-GWU

MARY J. CLEM, PLAINTIFF,

VS.  **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Mary Clem brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits (DIB). The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

08-28 Mary J. Clem

4.    Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.    Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.    Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.    Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the

3

08-28  Mary J. Clem

alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

4

08-28 Mary J. Clem

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

5

08-28 Mary J. Clem

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert

accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Clem, a 50-year-old former nurse's aide, cashier, furniture assembler, fast food worker and laundry worker with a "limited" education, suffered from impairments related to degenerative disc disease (lumbar and thoracic spine), a pain disorder with psychological features secondary to general medical condition, and an anxiety disorder. (Tr. 19, 21). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 25). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 26). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 24).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current record also does not mandate an immediate award of DIB. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

The hypothetical question presented to Vocational Expert William Ellis included an exertional limitation to light level work restricted from a full range by

such non-exertional limitations as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally climb ramps or stairs, stoop, crouch and crawl; (3) a restriction to jobs requiring only simple one- and two-step instruction; (4) a need to avoid exposure to dust, fumes, smoke, chemicals, or noxious gases; (5) a "limited but satisfactory" ability to interact with supervisors, deal with work stresses, function independently or maintain attention and concentration; (6) the need for a sit/stand option in intervals of 45 minutes; and (7) a limitation to low stress work. (Tr. 788). In response, Ellis identified a significant number of jobs in the national economy which could still be performed. (Id.). The ALJ relied upon this testimony to support the denial decision.

The ALJ erred in evaluating the evidence of record relating to Clem's physical condition. Dr. Ziad Sara, a treating source, indicated that Clem was restricted to light duty work for two weeks in April of 2005. (Tr. 571). However, this was four months before the plaintiff's alleged onset date of August 22, 2005 and was reported during a time when she was still working. (Tr. 19). This opinion does not necessarily carry forward to the relevant time period.

Dr. Ronald Dubin, another treating source, opined that Clem could return to work "as tolerated" in November of 2005. (Tr. 539). This was in response to the plaintiff's request to be released to work and, so, would not represent a true opinion concerning her capabilities.

08-28  Mary J. Clem

The court notes that Dr. Ray Hays, a treating source at Simon and True Medical Consultants, opined that Clem was disabled in September of 2006. (Tr. 666). Such an opinion goes to the ultimate finding of disability and is reserved to the Commissioner under the federal regulations.  20 C.F.R. § 404.1527(e)(1). However, it also does not provide support for the administrative denial decision.

Dr. Robert Hoskins examined Clem in July of 2006 and identified a number of serious physical limitations which would limit her to a restricted range of sedentary level work. (Tr. 744, 762-764). The plaintiff notes that if this opinion had been adopted by the ALJ, the restriction to sedentary level work alone would have mandated a finding of disabled status under Rule 201.10 of the Medical-Vocational Guidelines based upon her age, education and work background. The ALJ noted a number of reasons why the opinion of Dr. Hoskins was rejected including such factors as the physician's reliance upon subjective complaints and a misreading of the plaintiff's MRI and CT scans. (Tr. 22). However, the doctor noted a number of abnormal physical examination results which were noted to be plausible and consistent with the claimant's complaints. (Tr. 749-750). Dr. Hoskins had the opportunity to see and review a number of medical records including the reports of Dr. Sara and Dr. Dubin. (Tr. 748). Dr. Hoskins did have the opportunity to review both the August, 2005 MRI which suggested spinal cord compression as well as the September, 2005 MRI which did not. (Tr. 751). Therefore, as least some objective medical evidence supports his opinion.

9

08-28  Mary J. Clem

David Swan reviewed the record in February of 2006 and opined that Clem's physical problems did not constitute a "severe" impairment. (Tr. 687). Dr. Amanda Lange, another non-examining medical reviewer, indicated on July 17, 2006 that Clem could perform a restricted range of medium level work including such non-exertional limitations as an inability to more than occasionally climb ladders, ropes or scaffolds, kneel, or crouch and a need to avoid concentrated exposure to fumes, odors, dust, gases, or poor ventilation. (Tr. 709-717). The ALJ's findings were consistent with these opinions. An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994). In the present action, neither reviewer saw the report of Dr. Hoskins, which was not completed until July 26, 2006. (Tr. 744). Therefore, these opinions were insufficient to offset that of the actual examining source. The ALJ should at least have sought the advice of a medical advisor who had seen the entire record.

Clem was found capable of performing a restricted range of light level work in an administrative decision which became final on February 24, 1997. (Tr. 43-49). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council

08-28  Mary J. Clem

on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ."  In the present action, the ALJ found that "new and material" evidence did not warrant a departure from this earlier residual functional capacity finding.  (Tr. 18).  However, the report submitted by Dr. Hoskins does suggest deterioration in the claimant's back condition which was not present at the time of the February, 1997 denial decision and this opinion is not properly offset in the current record.  Thus, the prior residual functional capacity finding was not binding during the current time frame.

The ALJ did deal properly with the evidence of record relating to Clem's mental status.  Psychologist Jeanne Bennett examined the plaintiff and diagnosed a pain disorder with psychological features secondary to general medical condition and borderline intelligence.[1]  (Tr. 582).  Bennett opined that the claimant's ability to tolerate the daily stress and pressures of work activity would be "moderately" impaired while her ability to sustain attention and concentration for simple repetitive tasks would be slightly impaired.  (Tr. 582-583).  The claimant asserts that these

---

[1]Bennett rated the plaintiff's Global Assessment of Functioning (GAF) at 50.  (Tr. 582).  Such a GAF indicates the existence of "serious" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  However, the examiner ultimately noted only slight to moderate mental restrictions.  Scher stated that the GAF rating was inconsistent with Bennett's restrictions and opined that the examiner had combined mental and physical complaints in the GAF assessment.  (Tr. 692).

08-28  Mary J. Clem

restrictions were not presented to the vocational expert.  However, the court finds that the hypothetical question's restrictions concerning low stress work and simple one-to-two tasks would adequately cover Bennett's mental restrictions.  Therefore, this opinion supports the administrative decision.

Psychologists Stephen Scher (Tr. 690-691) and Edward Stodola (Tr. 718-719), the non-examining medical reviewers, each opined that Clem would be "moderately" limited in such areas as (1) completing a normal workday and workweek without interruption from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods; (2) interacting appropriately with the general public; (3) getting along with co-workers or peers without distracting them or exhibiting behavioral extremes; and (4) responding appropriately to changes in the work setting.  To the extent that these mental restrictions might be construed as more severe than those found by the ALJ, they were outweighed by those of Bennett, the examining source.  The administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you." 20 C.F.R. § 404.1527(d)(1).  Furthermore, the claimant has not raised the omission of these mental limitations from the hypothetical question as an issue.  Therefore, the court finds no error.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner to reconsider Clem's

08-28  Mary J. Clem

physical condition. Therefore, the court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved and deny that of the defendant. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 19th day of November, 2008.

Signed By:
*G. Wix Unthank*
United States Senior Judge